## 17024.   HORNBROOK v. REED.

STEPHENS, J.  1. In a suit to recover damages alleged to have been sustained by the plaintiff as a result of a collision between his automobile and the automobile of the defendant, where there was evidence to the effect that the collision occurred after the plaintiff had turned his automobile to the left of the road along which he was traveling when the defendant's automobile turned into the road from another road upon the plaintiff's right and was approaching the plaintiff, a charge to the effect

Appeal and Error, 4 C. J. p. 649, n. 36.
Courts, 15 C. J. p. 925, n. 46.
Motor Vehicles, 28 Cyc. p. 47, n. 20; p. 49, n. 49.
Trial, 38 Cyc. p. 1481, n. 1.

that whenever the operator of any vehicle along a public highway shall meet a vehicle approaching from an opposite direction, the operator of the first vehicle shall turn to the right, as provided in Ga. L. 1921, p. 257, sec. 3 (Park's Code Supp. § 828 (uu-7)), was applicable to the conduct of the plaintiff, and therefore adjusted to the evidence. The defendant, therefore, can not complain that the charge was harmful to him as being inapplicable to his conduct.

2. An exception to the refusal to grant a nonsuit will not be considered where the defendant excepts to a verdict rendered for the plaintiff upon the general grounds that it is without evidence to support it.

3. Authorities from foreign jurisdictions not being controlling in this State, it is not error for the trial judge to refuse to allow counsel in argument to read from such authorities.

4. The court properly charged the law applicable to the issues presented by the evidence.

5. The jury were authorized to find against the defendant's counterclaim for damages, and to find that the defendant, in turning his automobile into the road, was guilty of negligence, and that such negligence was the proximate cause of the damage sustained by the plaintiff. The verdict found for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1926.

Action for damages; from Catoosa superior court—Judge Tarver. October 24, 1925.

*M. Neil Andrews,* for plaintiff in error.

*McClure & McClure,* contra.